IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

FLORENCE WATSON, Power of          :
Attorney for Dorothy Briscoe       :
(Deceased),                        :
                                   :
            Plaintiff,             :
                                   :
    v.                             :   Civil Action No. 04-382 JJF
                                   :
BENEFICIAL DELAWARE, INC.,         :
                                   :
            Defendant.             :

---

Florence Watson, Pro se Plaintiff.

Robert J. Katzenstein, Esquire and Joelle E. Polesky, Esquire of
SMITH, KATZENSTEIN & FURLOW LLP, Wilmington, Delaware.
Attorneys for Defendant.

---

**MEMORANDUM OPINION**

August 22, 2005
Wilmington, Delaware

Farnan, District Judge.

Pending before the Court is a Motion To Dismiss (D.I. 5) filed by Defendant Beneficial Delaware, Inc. ("Beneficial"). For the reasons discussed, Defendant's Motion To Dismiss will be granted.

I. BACKGROUND

On May 14, 1998, Beneficial loaned Plaintiff Florence Watson $64,000 pursuant to a three-year mortgage and credit line account agreement. On June 17, 2004, Watson filed a complaint against Beneficial alleging that the Mortgage and Note "contain usurious interest rates and unfair trade practices involving predatory lending practices." Watson further alleged "non-disclosure of Plaintiff's right to cancel [the contract]" ... and Federal violations of numerous consumer rights..." Specifically, Watson alleges violations of 15 U.S.C. § 1601, 1635, 1638; 12 C.F.R. § 226; Regulation Z; 12 U.S.C. §§ 85, 2601, 2610. Watson seeks rescission of the Mortgage and Note, as well as damages.

I. PARTIES' CONTENTIONS

By its motion, Beneficial contends that the Court should dismiss Watson's Complaint as time-barred. Beneficial also contends that the Complaint should be dismissed because Watson fails to state a claim upon which relief may be granted. Watson has failed to respond to Beneficial's motion, despite the Court's August 19, 2004 Order (D.I. 7), granting her additional time to file her Answering Brief (D.I. 7). Therefore, pursuant to the

Court's Order (D.I. 7), the Court will render its decision on the papers submitted.

## III. DISCUSSION

A motion to dismiss tests the legal sufficiency of the complaint. Conley v. Gibson, 355 U.S. 41, 45-56 (1957). In reviewing a motion to dismiss pursuant to Rule 12(b)(6), courts "must accept as true the factual allegations in the [c]omplaint and all reasonable inferences that can be drawn therefrom." Langford v. Atlantic City, 235 F.3d 845, 847 (3d Cir. 2000). A court will grant a motion to dismiss only when it appears that a plaintiff can prove no set of facts that would entitle him or her to relief. Id.

Failure to comply with the statute of limitations will justify granting a motion to dismiss "where the claim is facially non-compliant with the limitations period and the affirmative defense [of failure to comply with the statute of limitations] clearly appears on the face of the pleading." See Oshiver v. Levin, Fishbein, Sedran, & Berman, 38 F.3d 1380, 1385 n.1 (3d Cir. 1994) (citing Trevino v. Union Pacific R.R. Co., 916 F.2d 1230 (7th Cir. 1990)).

Reviewing the Complaint in light of these standards, the Court concludes that Watson's claims are barred by the statute of limitations. The statutes relied upon by Watson to support her allegations require a plaintiff to file a complaint within three

2

(3) years of the alleged occurrence.  <u>See</u> 15 U.S.C. §§ 1640(e), 1635(f); 12 C.F.R. § 226.23; 12 U.S.C. § § 86, 2614.  In this case, the facts alleged occurred more than six (6) years before Watson filed her Complaint.  Further, Watson has not asserted any facts that would justify tolling of the limitations period.  Accordingly, the Court will grant Beneficial's Motion To Dismiss (D.I. 5).

IV. **CONCLUSION**

For the reasons discussed, the Court will grant Beneficial's Motion To Dismiss (D.I. 5).  An appropriate order will be entered.

3